MARTHA LORANCE v. EIZA L. PLATT.

1. DECREE. *Res judicata. Estoppel. Mortgagee in possession. Case in judgment.*
   Mrs. Platt, with her husband, executed a trust deed on her lot to Klein's
   bank to secure his debt, and put it in possession to collect the rents.
   The bank failed, and numerous attachments were levied on its effects,
   and several upon this lot, among them one in favor of Duffin. Mrs.
   Platt also attached the bank for a debt due her, and garnished her hus-
   band. Subsequently by general bill all the attachment suits were
   brought into the chancery court to avoid multiplicity and adjust the
   priorities. Mrs. Platt was a party, but no issue as to the title of this lot
   was made up. By final decree all the attached property was ordered
   sold to pay the attachments. Decree was also rendered against Platt as
   garnishee in favor of Mrs. Platt for his indebtedness to the bank. Duffin
   bought this lot at sale under the decree, and took possession. Mrs. Platt
   brought ejectment. *Held,* that she was not estopped by the chancery
   proceedings; that Duffin acquired no title or right to possession, and she
   was entitled to recover.

2. RES JUDICATA. *Doctrine stated.*
   Parties to a suit are concluded only as to those matters which are of the
   essence of the cause, or so involved in the controversy that a decision
   of them would be decisive of the suit or of a material part thereof.

FROM the circuit court of Hinds county, first district.

HON. J. B. CHRISMAN, Judge.

Eliza L. Platt brought this ejectment suit to recover from
Martha Lorance, tenant of Duffin & Bro., a lot and residence in
the city of Jackson. In 1878 the said Eliza L. Platt was the
owner of the lot and joined her husband, Eugene Platt, in execu-
ting a trust deed thereon to one Halpin as trustee for the Missis-
sippi Valley Bank of Vicksburg, to secure a debt due by her
husband to it, for the sum of $1015. The bank was a partnership
composed of Jno. A. and Geo. M. Klein. Shortly after the exe-
cution of the trust deed, the Kleins took possession of the lot
under an agreement with Mr. and Mrs. Platt that the rents should
go to pay the debt, and this possession continued without any
accounting until November 21, 1883, when the bank failed and
the Kleins made a general assignment of all their banking and
individual assets for the benefit of creditors.

The bank was very largely indebted, and immediately after the assignment several hundred creditors sued out attachments and levied upon the property of the Kleins, and garnished their debtors. Among the attaching creditors was the appellee, Eliza L. Platt, to whom the bank owed the sum of $515 on deposit, and she summoned Eugene Platt, her husband, as garnishee.

Duffin & Bro. also attached and caused their writ to be levied on the lot in controversy, as did several other creditors.

In this condition of affairs the Valley National Bank of St. Louis filed its bill in the chancery court of Warren county against the Kleins and their assignee to cancel the assignment as fraudulent and void as to the creditors. About the same time S. L. Woolridge and others filed a bill in the United States court, for the southern district of Mississippi, against the same parties, and also against the remaining attaching creditors, seeking in one equity suit to set aside the assignment and adjust the priorities of the various attaching creditors, and to enforce the liens. A receiver was appointed by that court who took possession of all the property, real and personal, that had been attached, including this lot. The suit instituted by the Valley National Bank was removed to the United States court, and thereafter the two suits in that court were heard and considered together.

Nearly or quite all of the attaching creditors, among them Eliza L. Platt and Duffin & Bro., intervened in the equity suit brought by Woolridge and others and became parties. Thereupon an agreement was entered into and signed by or on behalf of all of them, the purpose of which was stated in the caption thereof to be "to avoid needless expense and costs in the preparation and presentation of their claims against said defendants." The agreement provided for a mode of presenting and proving claims before a master appointed by the court. It further provided that any creditor could, in addition to proving the character and extent of his lien or claim, object to that propounded by any other creditor, and all questions "as to the validity or sufficiency of proceedings or their effect or priority of liens as a matter of law" were to be referred by the master to the court. It was further agreed that

the master should cause to be prepared a complete list and description of all the property owned by said Kleins and a list or docket of the property and the claims or liens asserted against any of it should be made and exhibited, and to this all the creditors should have access and reference.

This list was compiled by the master, and showed the attachment of Duffin & Bro. and that it was levied upon the lot in question. It also showed the attachment of Mrs. Platt and that Eugene Platt, her husband, was garnished on her suit. No objection was made by any one to the two claims thus propounded, and no claim of any sort was interposed by Mrs. Eliza L. Platt to the lot thus levied upon by Duffin & Bro., although it does not appear that she was actually informed that it was levied upon, or listed by the master in the schedule compiled by him.

She did, however, file a separate petition in the suit to establish her claim to her homestead in Vicksburg, which had been levied on by a creditor as the property of the Kleins, but which she claimed was her own and merely subject to a small debt due by her to them and to secure which they held the legal title; and as to this she obtained relief in the final decree.

Upon final hearing, at the November term, 1884, the assignment was held to be fraudulent and void, and the property attached was decreed to be liable to the attachments in the order of priority as fixed by the date of the respective levies. The decree recited that it was rendered by consent of all the creditors, and a commissioner was appointed to sell the lands and personal property to satisfy the debts in the order of priority specified in the decree. The lot in controversy was decreed to be sold to pay the debts due to those creditors who had caused their attachments to be levied upon it, among whom was Duffin & Bro., whose claim for a large sum against the Kleins was established.

The garnishees in the various attachment suits were not made parties to the equity proceedings, but the decree contained an enumeration of the garnishees, and specified the creditors who had caused garnishments in their attachment suits to be served on each, and fixed the priority of the liens thus secured. Eliza L. Platt,

among others, was decreed to have a lien upon whatever sum was due by Eugene Platt to the Kleins, and her lien was adjudged to be prior to that of all others who had caused him to be garnished. Leave was given in the decree for all creditors who had secured liens by garnishment, and whose liens were recognized in the decree, to proceed to judgment at law ; but it does not appear in evidence whether Mrs. Platt ever sought to enforce the lien thus given in the decree by recovering judgment at law against Eugene Platt, her husband.

Pursuant to the decree, the lot in controversy was sold by the commissioner and was bought by Duffin & Bro., who paid part of their bid to the commissioner in cash, the balance being credited upon the decree in their favor. The sale was reported to the court and confirmed, and Duffin & Bro. took possession of the lot.

This suit of ejectment was brought December 29, 1887, by Mrs. Eliza L. Platt against the tenant of Duffin & Bro., and by consent was tried by the court without a jury, resulting in a judgment for the plaintiff, and defendant appeals.

*Brame & Alexander*, for the appellant.

We contend : (1) That Duffin & Bro. were invested with the title to the *locus in quo* by the decree in the United States court, and appellee, who was a party to the proceeding in that court, cannot question their title in a collateral suit. (2) If they failed to get a title, good as against Mrs. Platt by the purchase under the decree, they can still set up the unsatisfied trust deed in favor of Kleins as being a title with which they have connection, and hence the right to possession until redemption or until the rents and profits paid the debt.

We concede that the interest of a mortgagee even in possession cannot be sold under attachment. Code 1880, § 1204 ; *Buckley* v. *Daley*, 45 Miss. 338. But Duffin & Bro. do not occupy merely the position of purchasers of the interest of mortgagees in possession. They bought under a decree in equity in a cause to which they and appellee were parties and in which this lot was expressly condemned to be sold.

Whatever right the Kleins had passed to their assignee, and thus while the assignee had the right to possession, the land was levied upon. The court took possession of it by its receiver and then appellee voluntarily became a party to the suit for the express purpose set out in the agreement to establish her right or claim to any of the property attached. The record in the suit showed that this lot was attached, and the appellee obtained relief in the same decree that condemned this lot to be sold. Thus, in a suit where the court had full jurisdiction of the parties and the subject matter, the lot was sold by the commissioner, the sale confirmed, and the purchase-money paid. Besides being a party by the agreement, the appellant claimed a certain other lot that had been levied on, and obtained relief as to that in the equity suit. Yet it is contended that while a party, and consenting to the decree, and obtaining relief under it, she is not bound by it. The Kleins, and their assignee, who had the right of possession, and the appellant, who had the title, were all parties and all consented to the decree and the sale. Surely she will not be allowed to recover the land, especially without paying the balance due by her on the trust deed. On this point see Wells Res. Jud., pp. 6 to 11, and pp. 24 to 26 ; *Snowman* v. *Hartford*, 62 Me. 436 ; *Smith* v. *Walker*, 77 Ga. 289 ; *Honaker* v. *Cecil*, 84 Ky. 202. As to who is a party to a suit : *McLaughlin* v. *Green*, 48 Miss. 175.

Being a party, Mrs. Platt was bound to assert her claim in the equity suit. *Henderson* v. *Still*, 61 Miss. 391.

Ejectment cannot be maintained by a mortgagor against the mortgagee in possession before payment of the debt. 1 Jones Mort., §§ 674, 714 ; Code 1880, § 2666. *Green* v. *Mizelle*, 54 Miss. 220 ; *Wathen* v. *Glass*, Ib. 382 ; Angell on Lim., § 456 ; *Jackson* v. *Bowen*, 7 Cow. 13. One who holds under or through a mortgagee in possession is in privity with the mortgagee and cannot be dispossessed by the mortgagor. *Hubbell* v. *Maulson*, 53 N. Y. 225 ; *Johnson* v. *Houston*, 47 Mo. 227 ; *Jackson* v. *Bowen, supra ; Woods* v. *Hildebrand*, 46 Mo. 284. The mortgage will be deemed to be assigned whenever the mortgagee by deed conveys the land. *Woods* v. *Woods*, 66 Me. 206 ; *Ruggles* v. *Barton*, 13 Gray, 506 ;

*Hunt* v. *Hunt,* 14 Pick. 382 ; Code 1880, § 1199.   One who holds under a decree is in privity with the parties to the suit.   Wells Res. Jud., § 31.   Even under a void foreclosure a purchaser comes into privity with the mortgagee.   *Brobst* v. *Brock,* 10 Wall. 534 ; *Bonner* v. *Lessley,* 61 Miss. 392.

So we submit that whether appellants' landlords obtained title by their purchase under the decree or merely came into privity with the Kleins, the mortgagees in possession, they are entitled to possession and the mortgagor cannot recover without payment.

The fact that the decree in the United States court recognized Mrs. Platt's garnishment of her husband could confer no right on her in this case : (1) Because in it there was no personal decree against Eugene Platt, garnishee.   The decree only gave the right to pursue the garnishment to judgment at law, and this has not been done.   (2) As Mrs. Platt is jointly liable with him on the note to Kleins she cannot have judgment against him as garnishee for the debt owing by herself.   So if there be any debt due by Eugene Platt, subject to garnishment, it must be presumed to be some other debt than the one owing by him and the appellee jointly.

Argued orally by *L. Brame* and *C. H. Alexander,* for appellant.

*Birchett & Gilland* and *Nugent & McWillie,* for appellee.

1. Where both parties claim title from the same source, as in this case, the defendant cannot set up as a defense an outstanding title in the third person with which he has no connection.   *Miller* v. *Ingraham,* 56 Miss. 510 ; *Morgan* v. *Hazlehurst Lodge,* 53 Ib. 665.

By section 2295 of code of 1871, and section 1204, code of 1880, appellee shall be deemed the owner of the legal title of the lot, except as against the Kleins and their assigns, or the trustee, after breach of the condition.

In order to defend this suit the appellant must show that the Duffins have acquired the legal title from the trustee, or have acquired from the Kleins the debt secured on the land, with the incident of possession.   There can be no pretense of their having been invested with the legal title of the trustee.

How have they acquired Klein's debt? The interest of a mortgagee is not vendible under execution or attachment. *Buckley* v. *Daley*, 45 Miss. 338 ; *Beckett* v. *Dean*, 57 Ib. 232 ; *Freeman* v. *Cunningham*, Ib. 67 ; *Chisholm* v. *Andrews*, Ib. 636 ; Code of 1880, §§ 1204, 2423 ; *Bell* v. *Blair*, 65 Miss. 191.

All that was sought by the Woolridge bill .was the enforcement of the liens acquired by the attachments and garnishments, and the marshalling of those liens *where more than one of them covered the same property or debt*, and that is *all* that the decree undertook to do. While the decree recognized and enforced whatever (if any) lien the Duffins might have acquired by the levy of their attachment on the land, yet it *made no new lien*, nor could it make any. It merely gave them, by the sale, whatever interest the Kleins had in the land, which was *nothing*, as neither a mortgagee, nor especially a beneficiary in a deed of trust, has any *interest* in the encumbered land. He merely has the right to resort to the land for his debt. He has a *jus ad rem*, but not a *jus in rem*.

On the other hand, Eliza Platt, by her attachment and garnishment, acquired a lien on the debt due to the Kleins by Eugene Platt. She, and not the Duffins, got the interest of the Kleins by a judicial assignment of the debt.

If appellee should wish to file a bill to redeem, against whom would she file it? To whom would the debt be paid? Manifestly to the garnishing creditors to whom it had been decreed, and not to the Duffins. And a bill to redeem would lie against those creditors only, and not against the Duffins.

2. But it is claimed that appellee having become a party to the Woolridge suit, the decree of which ordered a sale of this land, she is estopped by the record—the matter is *res judicata* as to her.

Estoppel by the record only arises when the matters in issue in the second suit were, or might have been, litigated in the former suit between the parties. *Scully* v. *Lowenstein*, 56 Miss. 652. And the burden is upon the party claiming the conclusive effect of the former judgment or decree, to show that the points in issue were determined thereby. *Hanchey* v. *Croskney*, 1 So. Rep. 259 (Ala.) ; *Davis* v. *Davis*, 65 Miss. 498.

Neither the kind of interest the Kleins had in this lot, nor the matter of the debt due to them and secured on it, was in issue between appellee and the Duffins in the Woolridge suit, nor could it have been an issue between them, unless the Duffins, who had an open record of the title before them, had propounded a distinct issue to her, which she might have met.

Mrs. Platt was not summoned in the Woolridge case, but, being an attaching creditor of the Kleins, she intervened in that suit for *two* purposes: *first*, to relieve her homestead from the levy, and *second*, to obtain her priority and enforce her lien against the debt due by Eugene Platt. And as such creditor she joined in the agreement of counsel, under which was made the decree.

An inspection of said agreement shows its purpose, to wit, for the *creditors* to prove their liens, and *where several creditors claimed liens on the same property or debt, for those creditors to contest for the priority ;* this, and nothing more.

Appellee was not called on or expected to look after anything in the suit, except these two matters, nor would her counsel be expected to know whether, among such a great mass of attachments, any of her property had been attached as the property of the Kleins, so as to require attention, nor did the records of that suit show that she had any interest in any property which had been attached by the Duffins. No proposition to foreclose *her* deed of trust was made, nor was she called on to answer or dispute any such claim.

Argued orally by *T. A. McWillie*, of counsel for appellee.

CAMPBELL, J., delivered the opinion of the court.

The title of Mrs. Platt to the lot in dispute was not a matter of controversy in the suit in the United States circuit court. There was no issue as to that. Her title was only *incidentally* involved. She was a party to that suit only in her character of creditor of the Kleins, who had attached their effects, and not as owner of the lot here sued for. The many creditors of the Kleins, who had levied attachments, and were brought into the suit in equity in the United States court, had nothing in common except that each was

pursuing the Kleins.   Each creditor was for himself, and was the rival of every other who was seeking to get satisfaction of his demand out of the same effects.   The only issue between creditors was as to their respective rights as against property of the Kleins. Their several demands as debts maintainable against the Kleins, and the respective priorities of attaching creditors as to subjects attached, were involved and decided, and as to these the judgment is *res judicata,* but no farther.   The rule rests on the ground that there has already been a trial and adjudication of the matter sought to be again litigated, and where it appears that the particular matter was not of the essence of the cause, was not directly involved, and, therefore, did not require, and probably did not receive, the attention due to a matter in issue, the decision of which would be decisive of the case or a material part of it, the rule does not apply.

Mrs. Platt was not concluded as to her title to the lot by the decree and subsequent proceedings under it.

Nor did the purchaser under that decree acquire the right to hold the lot as against her, for the very decree under which the claim is made recognized the right of Mrs. Platt to appropriate to her attachment the debt secured by mortgage, by which debt alone the Kleins held or could hold possession of the lot, and awarded this debt to her.

*Affirmed.*